# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LULA TAYLOR and BILL TEZAK,

      Plaintiffs,

vs.

MICHAEL S. SULLIVAN, et al.,

      Defendants.

Case No. 3:19-CV-00668-RCJ

**ORDER**

*Pro se* Plaintiffs bring assorted federal- and state-law claims against both federal judges and private parties. The doctrine of absolute judicial immunity bars the claims against the federal judges, and all of the various claims against private defendants fail as a matter of law. The Court finds that amendment would be futile and, consequently, dismisses all claims with prejudice.

## FACTUAL BACKGROUND

The instant case arises from conduct occurring in underlying litigation between Plaintiff Taylor and Defendant Costco: *Taylor v. Costco Wholesale Corp.*, No. 3:18-CV-00586-MMD-VCF.[1] Plaintiff Taylor sued Costco alleging injuries from a slip and fall at one of their locations.

---

[1] Although the underlying litigation was ongoing at the time of filing this complaint and the motions to dismiss, it has since been dismissed without prejudice. Order, *Taylor v. Costco Wholesale Corp.*, No. 3:18-CV-00586-MMD-VCF (D. Nev. Mar. 17, 2020), ECF No. 100.

Defendants Burke, Winston, and Sullivan are employed by Defendant law firm Robison, Sharp, Sullivan & Brust, which represented Defendant Costco in the underlying litigation. Defendant Chief Judge Du is the district court judge who presided over the underlying litigation. Defendant Magistrate Judge Baldwin[2] was the magistrate judge assigned to the underlying litigation until she recused herself.

The gravamen of Plaintiffs' complaint revolves around two issues in the underlying litigation. First, due to disagreements in discovery, the Magistrate Judge held multiple hearings and issued orders, including that Plaintiff Taylor must, over her objections, provide her social security number to Defendants. Second, during the discovery process, Defendants became concerned that Plaintiff Tezak was unlawfully practicing law in providing legal assistance to Plaintiff Taylor in the underlying litigation. This concern was communicated to Magistrate Judge Baldwin who inquired during the hearings as to the exact nature of the relationship between Plaintiffs and issued orders limiting Plaintiff Tezak's involvement in the underlying litigation pursuant to statutory authority and the Federal Rules of Civil Procedure. After Chief Judge Du affirmed Magistrate Judge Baldwin's orders, Plaintiff Taylor filed multiple motions for the recusal of both judges. When the judges denied those motions, Plaintiffs filed the instant case alleging violations of their federal rights and state tort claims. All Defendants moved for dismissal of the case in three separate motions. (ECF Nos. 9, 16, and 27.)

**LEGAL STANDARD**

*I.    Motion to Dismiss*

Fed. R. Civ. P. 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[This] pleading standard . . . does not require 'detailed factual allegations,' but demands more than . . . 'labels and conclusions' or 'formulaic

---

[2] Judge Baldwin was previously known as "Carla B. Carry."

recitations of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility is satisfied where the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility does not require a demonstration of probability, but "asks for more than a sheer possibility." *Id.*

Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Consequently, while the Court "accept[s] all material allegations in the complaint as true and construe[d] . . . in the light most favorable to" the nonmoving party, *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), it is not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is it required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

## II.     *Pro Se Litigants*

Documents submitted by *pro se* litigants are "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* litigant's complaint "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Nevertheless, "a liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled," nor are "[v]ague and conclusory

allegations . . . sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### III. Leave to Amend

Upon granting a motion to dismiss, a court must then determine whether to allow leave to amend the complaint. Leave to amend should be granted unless "amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990)). That is, dismissal without leave to amend is appropriate only where "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

## ANALYSIS

Although the motion to dismiss from the federal defendants was the last to be filed chronologically, the vast majority of the claims in the complaint address judicial conduct. The Court therefore chooses to analyze this motion prior to addressing the motions to dismiss from the private defendants.

### I. Judicial Defendants' Motion to Dismiss (ECF No. 27)

Plaintiffs bring various claims against Chief Judge Du and Magistrate Judge Baldwin under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, federal judges acting in their judicial capacity enjoy absolute immunity from damages, as well as injunctive and declaratory relief. *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). The sole exception to this rule is where a plaintiff demonstrates that the judge has "acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)).

Additionally, the Ninth Circuit has explicitly held that "[t]o allow a district court to grant injunctive relief against [another federal court] would be to permit, in effect, a 'horizontal appeal' from one district court to another . . . Such collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper." *Mullis*, 828 F.2d at 1392–93. Therefore, this Court will not enter injunctive or declaratory relief regarding any of the orders, hearings, or other conduct undertaken in the proper exercise of jurisdiction and authority by Chief Judge Du or Magistrate Judge Baldwin.

Consequently, the only avenue for relief is if Plaintiffs allege, and support with facts, harmful conduct which is not properly within the jurisdiction and authority of a federal court. Plaintiffs here have failed to meet that standard. The mere allegation that the acts of the judicial defendants "were extrajudicial and not within the scope of their mandatory duties," (ECF No. 1 at ¶ 96), is a legal conclusion that, absent support by facts included in the complaint, the Court is not required to accept. *Iqbal*, 556 U.S. at 678. Review of each allegation fails to uncover sufficient supporting facts to allow the claims to proceed.[3]

Plaintiffs first allege that Judge Baldwin conducted an "extrajudicial proceeding on May 20, 2019." (ECF No. 1 at ¶ 101.) Plaintiffs' label is mistaken as that proceeding was a "motions hearing," Minutes of Proceedings, *Taylor v. Costco Wholesale Corp.*, No. 3-18-CV-00586-MMD-VCF (D. Nev. May 20, 2019), ECF No. 36, which Judge Baldwin is eminently within her jurisdiction to hold. 28 U.S.C. § 636(b)(1)(A); LR IB 1-3.

Plaintiff Taylor next alleges that both Chief Judge Du and Judge Baldwin are "retaliating agsinst [sic] her for exercising her constitutional and statutory rights." (ECF No. 1 at ¶ 112.) If this were true, such conduct would be beyond the jurisdiction of a federal judge. Nevertheless, the

---

[3] Because the Court finds that absolute judicial immunity bars all of the claims at issue, it does not address the alternative arguments of sovereign immunity and failure to state a cognizable claim.

alleged retaliatory conduct is identified as Judge Baldwin entered "arbitrary and caprious [sic] void orders rendered without any legal authority and as contrary to case precedence and law itself," (*id.* at ¶ 115), and that Chief Judge Du affirmed those decisions, (*id.* at ¶ 111). A magistrate judge may enter a non-dispositive order and the district judge may enter an order either affirming or overturning the magistrate judge's order. 28 U.S.C. § 636(b)(1)(A); LR IB 1-3. Therefore, the mere act of entering and confirming such an order cannot be considered "retaliatory" as a matter of law.

Plaintiff Taylor next alleges that Judge Baldwin conducted an ex parte hearing on October 8, 2019 and issued a void order following that hearing. (ECF No. 1 at ¶¶ 164–65.) While Judge Baldwin did issue an order on that date, Order, *Taylor v. Costco Wholesale Corp.*, No. 3-18-CV-00586-MMD-VCF (D. Nev. Oct. 8, 2019), ECF No. 90, there is no entry in the docket for a hearing, ex parte or otherwise. Further, the order does not involve any ex parte hearing, but resolves several outstanding motions, all of which had been appropriately filed with this Court and were fully briefed by both the plaintiff and defendants.

Plaintiff Taylor next alleges that "her Motion for Declaratory Judgment has been ignored by the court in an effort to prejudice Plaintiff's underlying case." (ECF No. 1 at ¶ 166.) To begin with, that argument is moot as the motion has been resolved. Order, *Taylor v. Costco Wholesale Corp.*, No. 3-18-CV-00586-MMD-VCF (D. Nev. Nov. 15, 2019), ECF No. 96. Furthermore, the mere failure to resolve a motion within the time frame preferred by the moving party is not an extra-jurisdictional act. Judges have the inherent and uncontested authority to manage their caseload, including the order in which they resolve outstanding motions. *See, e.g.*, *Link v. Wabash R.R. Co.*, 270 U.S. 626, 630–31 (1962).

Plaintiff Taylor next alleges that Judge Baldwin has continued "to provide access to the court on all of Defendant Costco's motions for Discovery motions and Terminating sanctions."

(ECF No. 1 at ¶ 167.) It is not entirely clear what Plaintiff is alleging here, but the Court assumes she is referring to the order issued on October 8, 2019, which instructed Plaintiff "to comply with this court's order ECF No. 36," and that failure to comply would result in the Court "consider[ing] all available sanctions, including case terminating sanctions." Order, *Taylor v. Costco Wholesale Corp.*, No. 3-18-CV-00586-MMD-VCF, at 4 (D. Nev. Oct. 8, 2019), ECF No. 90. Where a court finds that a party has not obeyed a discovery order issued by that court, it may impose sanctions, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiff Taylor next alleges that her Fifth and Fourteenth Amendment rights to due process were violated when Chief Judge Du denied her notice and opportunity to be heard on her motion to amend her complaint and her motion for declaratory judgment. This argument is deficient on several grounds. First, the Fourteenth Amendment applies only to the various States, their agencies, and their officials—it does not apply to the Federal Government. Therefore, federal judges may not be held liable under the Fourteenth Amendment. Second, the local rules explicitly state that "[a]ll motions may be considered and decided *with or without* a hearing." LR 78-1 (emphasis added). Thus, Plaintiff does not have any constitutional or statutory right to a hearing on her motions and, consequently, the resolution of any motions without a hearing is not a violation of Plaintiff's Fifth Amendment rights.

Finally, in regard to the requested injunctive relief, even if this Court were to find that absolute immunity did not apply, injunctive relief against Judge Baldwin would not be appropriate as she has recused herself from the underlying case. Minute Order in Chambers, *Taylor v. Costco Wholesale Corp.*, No. 3-18-CV-00586-MMD-VCF (D. Nev. Nov. 8, 2019), ECF No. 94.

Accordingly, the Court finds that Plaintiffs have not pointed to any instance where either Chief Judge Du or Judge Baldwin have acted outside of their judicial authority and they both

therefore enjoy absolute judicial immunity from the claims brought against them. Consequently, the Court grants their motion to dismiss.

## II.     Defendants' Motion to Dismiss (ECF No. 9)

Individual Defendants Sullivan, Burke, and Winston, and the law firm Robison, Sharp, Sullivan & Brust, bring this motion to dismiss arguing that the federal claims against them are inappropriate as they are not state actors and the state-law claims against them are barred by the litigation privilege and NRS 41.660 (Nevada's anti-SLAPP statute).

   *a. Federal Claims*

To begin with, the Court notes that each of the federal claims in this case is brought under *Bivens*. "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Section 1983 (and thus *Bivens*) requires satisfaction of the "state-action requirement [which] reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). Where a claim is brought against a private party, the state-action requirement is satisfied where the "conduct allegedly causing the depravation of a federal right [is] attributable to the State." *Lugar*, 457 U.S. at 937. That is, a plaintiff must demonstrate that the private defendant: (1) caused the deprivation by "exercis[ing] some right or privilege created by the State," and (2) "may fairly said to be a state actor . . . because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* The Court finds that Plaintiffs have not satisfied these requirements. Nevertheless, some of the allegations, and the relief requested, warrant further discussion. Consequently, the Court discusses each of the federal claims in turn.

1. Due Process Violations

Although Plaintiffs label Count I, (ECF No. 1 at ¶¶ 177–205), as brought against the private Defendants, the paragraphs themselves seek a declaration that various orders issued by Chief Judge Du and Judge Baldwin are violations of due process and therefore void. Aside from the allegation of perjury, discussed below, Plaintiffs do not allege that Defendants have directly caused them harm by violating their due process rights. Instead, Defendants are interested parties in that Plaintiffs request this Court issue injunctive relief holding that Defendants must not comply with any order declared void.

2. Perjury

Plaintiffs allege that Defendants have committed perjury in violation of 18 U.S.C. § 1623 when Defendants submitted affidavits and testified during hearings as to their concern that Plaintiff Tezak was improperly assisting Plaintiff Taylor by providing legal advice or assistance in drafting legal documents. However, § 1623 is a criminal statute, and thus charges pursuant to it may only be brought by government entities endowed with the authority to prosecute criminal behavior— not private individuals.[4] Plaintiffs here do not have such authority. *See Cort v. Ash*, 422 U.S. 66, 79–80 (1975) (finding no private cause of action where "there was nothing more than a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone"). Further, there is no set of circumstances under which Plaintiffs would have such authority.

On the other hand, if Plaintiffs' allegations are that Defendants' perjury directly led to a violation of Plaintiffs' federal rights, that argument also fails as "[w]itnesses in judicial proceedings are absolutely immune from lawsuits based upon their testimony." *Safouane v. Fleck*,

---

[4] There are extremely rare cases where Congress has provided a private cause of action for conduct also covered by a criminal statute, but those exceptions are not applicable under these facts.

226 Fed. App'x 753, 762 (9th Cir. 2007) (citing *Briscoe v. LaHue*, 460 U.S. 325, 331–32 (1983)). Furthermore, Plaintiffs may not defeat this immunity by "merely alleg[ing] conspiracy to affect the outcome." *Safouane*, 226 Fed. App'x at 762. Additionally, even if Defendants did not have absolute immunity as witnesses, they may not be held liable for the intervening independent conduct of the Magistrate Judge (or the Chief Judge affirming that conduct).

### 3. Fourth and Fifth Amendment Violations

Plaintiffs allege that Defendants Sullivan and Winston unlawfully detained and interrogated Plaintiff Taylor in violation of her Fourth Amendment rights and, in so doing, caused her to incriminate herself in violation of her Fifth Amendment rights. The allegedly unlawful detentions appear to be the hearings conducted before Magistrate Judge Baldwin on January 30, 2019 and May 20, 2019. Specifically, Plaintiff Taylor appears to object to Magistrate Judge Baldwin's questioning of her regarding whether Plaintiff Tezak was providing legal advice or assistance with drafting legal documents.

Even if this Court were to find such questioning during a hearing is a violation of Fourth Amendment rights—which it does not—Plaintiffs do not indicate any manner in which Defendants are liable. Plaintiffs do not allege that Defendants forced them to remain in the courtroom—instead, they argue the presence of the United States Marshalls kept them detained. Plaintiffs do not point to any fact showing that Defendants participated in the questioning in any way sufficient to classify them as state actors. Instead, Plaintiffs rely on the conclusory accusation of conspiracy and argue that the hearings were a direct result of Defendants' perjury. Much as was the case with the claims of perjury, neither allegation—especially in the absence of supporting fact—is sufficient to bring a claim under *Bivens*.

The same analysis applies to Plaintiffs' Fifth Amendment claims. Plaintiffs do not indicate that Defendants personally participated in any attempt to compel Plaintiff Taylor to incriminate

herself beyond the mere act of reporting concerns to the Court. Such conduct, alone, is insufficient as a matter of law to find that Defendants caused any constitutional deprivation or that they did so as state actors.

4. Attorney's Fees

Plaintiffs allege that, as a result of Defendants' violations of their federal rights, they have incurred attorney's fees which may be recovered from Defendants under 42 U.S.C. § 1988. However, Plaintiffs are pursuing this litigation *pro se*, and *pro se* litigants may not recover attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

b. State Claims

Plaintiffs bring state claims for abuse of process and various defamation claims against the private Defendants. Defendants argue that all state claims are barred by the litigation privilege and Nevada's anti-SLAPP statute.

1. Abuse of Process[5]

Plaintiff Tezak alleges that Defendants have committed tortious abuse of process in "us[ing] the court's subpoena power in the civil discovery process for an ulterior and improper motive." (ECF No. 1 at ¶ 427.) As an initial matter, Defendants' argument that the abuse of process claim is barred by the litigation privilege is incorrect. The litigation privilege applies to the content of "*communications* uttered or published in the course of judicial proceedings . . . so long as they are in some way pertinent to the subject of controversy." *Circus Circus Hotels, Inc. v. Witherspoon*, 657 P.2d 101, 104 (Nev. 1983) (emphasis added). While the application for a subpoena, and a subsequent motion to show cause when the subpoena is not obeyed, are technically

---

[5] Although Plaintiffs bring their abuse of process claim under *Bivens*, abuse of process is a state tort claim. *See, e.g.*, *Marx v. St. Paul Fire & Marine Ins. Co.*, No. CV-S-0535-PMP, 2005 WL 8161766, at 4–8 (D. Nev. Nov. 28, 2005) (analyzing claims of abuse of process under Nevada law). Furthermore, as the relevant Defendants are all private individuals or entities, *Bivens*' grant of authority to sue is unnecessary.

communications—in that they are written requests to a court—an abuse of process claim is not concerned with the communications themselves. In fact, its argument is the exact opposite—that is, such claims allege that *even where the communications are facially valid*, the moving party's improper motives constitute an abuse of process. Therefore, the litigation privilege does not apply. Nor does Nevada's anti-SLAPP statute provide relief. The anti-SLAPP statute applies to "action[s] brought against a person based upon a good faith *communication*." NRS 41.660(1) (emphasis added). Consequently, there is no bar to the abuse of process claims, and the Court moves on to the merits.

To bring an abuse of process claim under Nevada law, Plaintiffs must demonstrate "(1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 456, 478 (Nev. 1998) (citing *Dutt v. Kremp*, 894 P.2d 354, 357 (Nev. 1995)). "An ulterior purpose is any improper motive underlying the issuance of legal process." *Posadas v. City of Reno*, 851 P.2d 438, 445 (Nev. 1993) (citing *Laxalt v. McClatchy*, 622 F. Supp. 737, 751 (D. Nev. 1985)).

Here, Plaintiffs allege that Defendants sought a subpoena to depose Plaintiff Tezak with "ulterior and improper motive[s]" and "to oppress Plaintiff [Tezak]." (ECF No. 1 at ¶¶ 427, 434.) Further, Paragraph 437, charitably read, seems to allege that Defendants' purpose in seeking the deposition was to acquire information with which they could defame Plaintiff Tezak and create criminal liability. While these allegations satisfy, at least at the pleading stage, the first element, they do not satisfy the second. The seeking (and issuance) of a subpoena "is a formal process and part of nearly every litigation." *Hussein v. Frederick*, No. 3:06-CV-00585-RLH-RAM, 2007 WL 9658420, at *5 (D. Nev. Apr. 3, 2007). It is similarly common to move for contempt where a subpoenaed person fails to comply with that subpoena. Thus, Plaintiffs have not alleged any "willful act . . . not proper in the regular conduct of the proceeding."

Furthermore, even if Plaintiffs had properly pleaded an abuse of process claim, such a claim is not the proper vehicle for the argument that a subpoena was improperly issued. Instead, "the person subpoenaed is protected . . . from any abuse of process, or even from legitimate inconvenience to himself, by his right to move to quash." *United States v. Snyder*, 413 F.2d 288, 290 (9th Cir. 1969). *See also* Fed. R. Civ. P. 45(d)(3) (describing the process for quashing improper subpoenas). While this Court understands that such procedural technicalities may be confusing to a *pro se* litigant unfamiliar with the discovery process of federal court, it notes that Magistrate Judge Baldwin, during the May 20th hearing, explicitly informed Plaintiff Taylor that if Plaintiff Tezak objected to the subpoena, he should file a motion to quash. Transcript of Proceedings, *Taylor v. Costco Wholesale Corp.*, No. 3-18-CV-00586-MMD-VCF (D. Nev. May 20, 2019), ECF No. 98.[6] Furthermore, although Plaintiff Tezak did not file a motion to quash, many of the arguments presented by Plaintiff Taylor in her response, Response Opposition to ECF No. 60, *Taylor v. Costco Wholesale Corp.*, No. 3-18-CV-00586-MMD-VCF (D. Nev. July 18, 2019), ECF No. 68, to Defendants' motion to show cause, Motion for Order to Show Cause, *Taylor v. Costco Wholesale Corp.*, No. 3-18-CV-00586-MMD-VCF (D. Nev. July 2, 2019), ECF No. 60, appear to raise arguments similar to those that Plaintiff Tezak may have argued in an original motion to quash.

Essentially, this Complaint and the motion to show cause in the underlying litigation ask for the same thing—a ruling on whether the subpoena issued for Plaintiff Tezak's deposition was valid and should be enforced. Had the motion been decided, this Court would decline to rule on the question at all, as it would be an improper collateral review of a federal court's order. The fact that this motion was not ruled on, but instead denied as moot, Report and Recommendation, *Taylor*

---

[6] It is not clear from the transcript whether Plaintiff Tezak was personally present in the courtroom during this hearing.

*v. Costco Wholesale Corp.*, No. 3:18-CV-00586-MMD-VCF (D. Nev. Mar. 2, 2020), ECF No. 99, does not change the analysis.

   2. Defamation

Plaintiffs accuse private Defendants of committing defamation and defamation *per se* against Plaintiff Tezak, alleging that Defendants libeled and slandered him on multiple occasions. Specifically, Plaintiffs object to the various written affidavits and other filings in which Defendants alerted the Magistrate Judge to their concerns that Plaintiff Tezak was unlawfully engaging in the practice of law and to Defendants' verbal statements and responses to the Magistrate Judge's questioning on that issue—claiming that each of those communications was made with malicious intent.

Unlike the abuse of process claims, discussed above, the communications alleged to be defamatory are protected by the litigation privilege.[7] The Nevada Supreme Court has consistently recognized the common-law absolute privilege protecting "communications uttered or published in the course of judicial proceedings." *Fink v. Oshins*, 49 P.3d 640, 643 (Nev. 2002) (quoting *Circus Circus*, 657 P.2d at 104). This "privilege applies to communications . . . that are related to ongoing litigation . . . *even when the motives behind them are malicious and they are made with knowledge of the communications' falsity*." *Jacobs v. Adelson*, 325 P.3d 1282, 1285 (Nev. 2014) (emphasis added) (citing *Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 502–03 (Nev. 2009)). Despite the privilege being labeled as "absolute," the Nevada Supreme Court has identified several exceptions, *see e.g.*, *Jacobs*, 325 P.3d at 1286–87 (absolute privilege does not apply to communications with the media); *Greenberg Traurig v. Frias Holding Co.*, 331 P.3d 901, 904 (Nev. 2014) (absolute privilege does not apply in legal malpractice suits), including the

---

[7] Because the Court finds that Defendants are protected by the litigation privilege, it does not address their arguments that they are also protected by Nevada's anti-SLAPP statute.

exception raised by Plaintiffs—that the absolute privilege applies to "statements [made] to someone who is not directly involved with the actual . . . judicial proceeding . . . only if the recipient of the communication is 'significantly interested' in the proceeding." *Jacobs*, 325 P.3d at 1285 (quoting *Fink*, 49 P.3d at 645–46).

Here, each of the communications identified by Plaintiffs occurred in the course of judicial proceedings—i.e. the underlying litigation. Plaintiffs' argument that the privilege does not apply because Plaintiff Tezak, against whom the allegedly defamatory statements were made, is neither a named nor interested party in the underlying case is inapposite. Setting aside the argument of whether Plaintiff is an interested party in the underlying litigation, the communications made by Defendants *concerned* Plaintiff Tezak, but were not *addressed* to him. Instead, they were addressed to Magistrate Judge Baldwin. Communications addressed to a judge, while not encompassing the entirety of communications protected by the privilege, certainly comprise a large part of them. Accordingly, all of Plaintiffs' defamation claims are barred by the litigation privilege.

### III.   *Defendant Costco's Motion to Dismiss (ECF No. 16)*

As the Court dismisses all claims against the other private Defendants, it must also dismiss all claims against Defendant Costco. Plaintiffs do not allege that Defendant Costco, its agents, or employees, have performed any acts independent of those attributed to the other private Defendants. Defendant Costco itself, as a corporation, cannot have committed any wrongdoing against Plaintiffs as a "corporation is not real. It is no more than a name for a complex set of contracts among managers, workers, and contributors of capital . . . [and] has no existence independent of these relations." Frank H. Easterbrook & Daniel R. Fischel, *Limited Liability and the Corporation*, 52 U. Chi. L. Rev. 89, 89 (1985). That is, corporate liability stems from the conduct of its agents and employees, *see, e.g.*, NRS 91.250(1), and, thus, the Court's dismissal of

all claims against the agents of Defendant Costco necessitates the dismissal of claims against Defendant Costco itself.

### IV. *Leave to Amend*

Because this Court grants each of the motions to dismiss, it must determine whether to grant leave to amend. This Court does not perceive any combination of allegations that would fix the defects described above. As to Chief Judge Du and Magistrate Judge Baldwin, all of the conduct at issue occurred during proper judicial proceedings, therefore absolute immunity will invariably apply. *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (affirming district court's finding that leave to amend would be futile where plaintiffs had not alleged extra-judicial conduct). As to private Defendants, the claims are either barred by the state-actor doctrine or by the litigation privilege. The sole exception is Plaintiffs' claims of abuse of process but, as stated above, such claims are not appropriate in the context of subpoenas. As a result, any newly-alleged facts "consistent with the challenged pleading," *Schreiber*, 806 F.2d at 1401 (citing *Bonanno*, 309 F.2d at 320), would not negate the *legal* deficiencies of the claims. Therefore, leave to amend is denied and all claims are dismissed with prejudice.

///

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 9) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF No. 16) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (ECF No. 27) is GRANTED.

IT IS FURTHER ORDERED that leave to amend is DENIED and all claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendants' Motion to Stay Discovery (ECF No. 31) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the clerk of the court shall close this case and enter judgment accordingly.

IT IS SO ORDERED.

Dated May 20, 2020.

_____
ROBERT C. JONES
United States District Judge